IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO ROMO,

    Plaintiff,

v.   No. 23-cv-0584-MIS-JHR

BOARD OF COUNTY COMMISSIONERS
FOR BERNALILLO COUNTY, *et al*,

    Defendants.

### ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTIONS

**THIS MATTER** is before the Court on Plaintiff Antonio Romo's post-judgment motions and objections, ECF Nos. 6, 7, 8 ("Post-Judgment Motions"). Plaintiff is incarcerated and proceeding *pro se*. He asks the Court to reconsider its ruling dismissing his civil complaint without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and comply with Orders. Plaintiff also seeks to consolidate this case with two other cases that are now closed, *Romo v. Board of County Commissioners of the County of Bernalillo,* 23-cv-0686 KG-SCY, and *Romo v. Board of County Commissioners of the County of Bernalillo,* 23-cv-542 MV-KK. The Court entered its Order of Dismissal in this case on November 27, 2023 after Plaintiff failed to pay his initial partial filing as directed. *See* ECF Nos. 3, 4. Final Judgment was entered on the same day. *See* ECF No. 5.

Plaintiff filed the Post-Judgment Motions within 28 days after the Judgment was entered. The Court will therefore analyze whether there are grounds to reconsider the Order of Dismissal under Fed. R. Civ. P. 59(e). *See Manco v. Werholtz*, 528 F.3d 760, 761 (10th Cir. 2008) (A motion to reconsider filed within 28 days after entry of the final judgment is generally analyzed under Rule 59(e)); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (same). Grounds

for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A district court has considerable discretion in deciding whether to reconsider a judgment under Rule 59(e).  *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Plaintiff argues this case should be reopened because his failure to pay the initial filing fee is attributable to inaction by prison officials.  *See* ECF No. 7.  Plaintiff alleges he submitted a payment request to the Western New Mexico Correction Facility's business office, but the forms were returned to him without explanation.  *Id.*  The Post-Judgment Motions attach a grievance filed by Plaintiff, which reflects the business office and mailroom are both understaffed.  *Id.*

Accepting these allegations as true, and having carefully reviewed the record in each federal case filed by Plaintiff, the Court is not convinced this case must be reopened to correct error or prevent injustice.   Even if Plaintiff encountered some delay with respect to the filing fee, he still has not submitted a payment in this or any other federal case.  *See Romo v. Bd. of Cnty. Commr's of the Cnty. of Bernalillo*, 23-cv-0686 KG-SCY (dismissed without prejudice for failure to submit an account statement); *Romo v. Bd. of Cnty. Commr's of the Cnty. of Bernalillo*, 23-cv-542 MV-KK (dismissed without prejudice for failure to pay a filing fee); *Romo v. Montoya*, 23-cv-751 KWR-KK (voluntarily dismissed without prejudice by Plaintiff before any fee was paid).

Moreover, this case was dismissed without prejudice to refiling, and the claims are not time-barred.  The Complaint here raises claims under 42 U.S.C. § 1983 and indicates the earliest wrongdoing occurred on July 21, 2021.  *See* ECF No. 1 at 4, 8.  The statute of limitations will not expire until July 21, 2024, at the earliest, and likely much later based on wrongdoing that

continued through 2023.  *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims.").  Plaintiff is therefore functionally in the same position regardless of whether the Court reopens this case or directs him to submit a new complaint and *in forma pauperis* motion.  The Court also notes that Plaintiff voluntarily dismissed his last open case on March 11, 2024, and it is unclear whether/to what extent he still wishes to prosecute federal claims at this time.  *See* ECF Nos. 4, 5 in *Romo v. Montoya*, 23-cv-751 KWR-KK.

For these reasons, the Court declines to reopen this case under Rule 59(e) or order the consolidation of closed cases.  Plaintiff's post-judgment Motions will be denied without prejudice to filing a new case.  If Plaintiff still wishes to prosecute the federal claims in his Complaint (ECF No. 1), he should refile his claims before July 21, 2024 to ensure that he complies with the statute of limitations.

**IT IS ORDERED** that Plaintiff Antonio Romo's Post-Judgment Motions objecting to dismissal and seeking consolidation (**ECF Nos. 6, 7, 8**) are **DENIED** without prejudice to filing a new case.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE